UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            06 Civ. 12903 (CLB)(LMS)

STATE FARM,                                          :

        Defendant.                             :

------------------------------------------------------------x

CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            07 Civ. 3232 (CLB)(LMS)

STATE FARM,                                          :

        Defendant.                             :

------------------------------------------------------------x

CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            07 Civ. 8675 (CLB)(LMS)

STATE FARM,                                          :

        Defendant.                             :

------------------------------------------------------------x

      Plaintiff has made a motion to consolidate the three above-captioned matters, which I will refer to herein as Curtis I, Curtis II, and Curtis III, respectively.  Defendant has not yet responded to that motion, and it remains pending (the date for Defendant's response is adjourned, as set

forth herein). This Order is intended to be filed separately as to each of the three unconsolidated cases, and the Clerk is directed to file a copy of this Order in each case file.

Plaintiff has sent to the Court a letter dated March 18, 2008, in which he seeks to have his disability accommodated by the Court for purposes of his pursuing these three cases. The Clerk is also directed to file a copy of that letter in each of the three above-captioned cases. Plaintiff bases his request on his "documented disability as relayed recently to the court." Letter dated March 18, 2008 at p. 1. At a conference on March 11, 2008, it was revealed by counsel for Defendant that in the course of discovery counsel had obtained records regarding Plaintiff's efforts to discharge his student loans.[1] Those records revealed, according to counsel, that Plaintiff had filed for Social Security disability benefits and had been granted full disability benefits in 2006, based on his mental and psychological impairment. Plaintiff conceded that he had been receiving Social Security disability benefits at the time he filed his *in forma pauperis* application in Curtis II and Curtis III. It is apparently the mental and psychological impairment discussed by Defendant's counsel to which Plaintiff now refers as his "documented disability."

Plaintiff seeks one of three accommodations. He has proposed either that counsel be appointed to represent him[2]; or that he have a "third party" (apparently a guardian of some sort)

---

[1] Plaintiff claims, in general terms, that he was denied employment by Defendant for improper and unlawful reasons. Defendant asserts that a reason for their decision not to hire Plaintiff was that Plaintiff had undischarged student loans, therefore he did not qualify for a position with financial responsibility. Plaintiff asserted that his student loans had been discharged in bankruptcy. On this basis Defendant sought information about the student loans during discovery, and have informed the Court that Plaintiff is currently taking steps to discharge those undischarged student loans, in part based on his claim of a disability.

[2] It should be noted that in civil cases the Court cannot appoint counsel, as there are no funds available to pay for appointed counsel. The sole option available is for the Court to refer the case to its *pro bono* panel of attorneys who have indicated some interest in providing legal

appointed to manage communications between himself, the Court, and the Defendant[3]; or that the case be adjourned to allow him to obtain counsel. After deliberation, I conclude that a brief stay of all proceedings, and a brief adjournment to allow Plaintiff to attempt to find counsel to represent him, is appropriate. However, I note that Curtis I has been pending since November 3, 2006, and that in the more than sixteen months since then, Plaintiff has not succeeded in obtaining counsel. The Court is not optimistic that Plaintiff will be able to obtain counsel now, but it may be that without the pressure attendant to handling these three cases Plaintiff can succeed in his efforts to locate an attorney to undertake his representation. The opportunity for him to do so, however, will be limited to 30 days, and the Court will not extend the stay that is now granted beyond that time.

In granting astay and adjournment to permit Plaintiff to attempt to obtain counsel, I have given consideration to his alternative proposals. The first proposal, for referral of this matter to the *pro bono* panel (see note 2, *supra*), is not appropriate because, at this stage, I cannot conclude that Plaintiff's claims have merit. See Hodge, 802 F. 2d at 60 ("As a threshold matter . . . , the district court must consider the merits of the indigent's claim. Even where the claim is not

---

services for those who are unable to afford them. Counsel from the *pro bono* panel review the cases that are referred in that fashion, and may decide whether or not to volunteer to represent any particular party. The Court cannot force an attorney to undertake representation in a civil matter. Pursuant to the holding in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), the Court considers, *inter alia*, the merits of a case to assess whether it is an appropriate case for referral to the scarce resource of *pro bono* counsel. As noted further below, this is not such a case.

[3] Pursuant to Federal Rule of Civil Procedure 17(c)(2) the Court must appoint a *guardian ad litem*, or issue another appropriate order, to protect an incompetent person who is not represented in an action. Despite the evidence of disability, I cannot conclude that there is evidence that Plaintiff is incompetent; in fact, his appearances before the Court establish his competence.

frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (internal quotes and citation omitted)). Plaintiff has conceded that he has been declared fully disabled by the Social Security Administration, based on mental and psychiatric conditions. If this is true, then he was not "qualified" for employment with Defendant, and therefore cannot succeed in any of his cases. Of course, the contrary is also the case – if Plaintiff was qualified for employment with Defendant, then he was not fully disabled, and it may be the case that he will be indebted to the Social Security Administration. Even if he was qualified for employment at the time of his application to Defendant and has since become disabled, any claim of damages would be cut short as of the date of onset of his disability, because as of that date he would no longer be capable of being employed. Under these circumstances I cannot conclude that Plaintiff is an appropriate candidate for referral to the *pro bono* panel.

Plaintiff's second alternative proposal, that a third party be appointed to "manage the communications between the court, State Farm and [Plaintiff]" (see letter dated March 18, 2008, at p. 1), does not identify any basis for such a third party appointment. Only an attorney would be qualified to represent Plaintiff, and no lay person could legally act on Plaintiff's behalf in the context of this litigation. As noted *supra* at note 3, even if counsel were prepared to represent Plaintiff and utilize the services of a *guardian*, Plaintiff does not qualify for appointment of a *guardian ad litem*, because he has not presented evidence of incompetence, and this Court has concluded that he is competent for these purposes. Even if appointment of a *guardian ad litem* were appropriate, there are no Court funds from which to pay such a person, it does not appear that Plaintiff has the resources to pay such a person, and Defendant has not offered to pay such a person for the purpose of moving the litigation forward. Thus, the second proposal is not

acceptable.

The third alternative will accommodate Plaintiff's disability without doing extreme damage to the need to move this litigation forward. I grant Plaintiff a stay of 30 days, commencing this coming Monday, March 24, and lasting until Wednesday, April 23, within which to attempt to obtain counsel to represent him in these three pending cases. During that period of time Plaintiff will not be required to produce anything or attend any proceedings. During that time Defendant may continue with other discovery (but not depositions) if Defendant chooses to do so, but Defendant will not be required to respond to Plaintiff's pending application for consolidation until a date after June 10, 2008. The Plaintiff's deposition currently scheduled for April 9 is adjourned without date pending the next hearing with the Court. The schedule for the remaining outstanding matters will be as follows:

- The conference previously scheduled for May 1, 2008, is adjourned to June 10, 2008, at 10:45 am.

- Plaintiff, either through counsel or *pro se*, shall respond in writing to Defendant's letter dated March 11, 2008, no later than May 12, 2008.

- Plaintiff, either through counsel or *pro se*, shall respond in writing to Defendant's outstanding supplemental document demand no later than May 12, 2008.

- Defendant may reply to Plaintiff's response no later than May 19, 2008.

- The parties shall be prepared for a hearing on June 10, 2008, at 10:45 am, for the purpose of assessing whether Plaintiff has made false statements on any one or more of his *in forma pauperis* applications, and if so, whether dismissal is appropriate.

- In the event that the Court does not recommend dismissal of any one or more of these actions, then Plaintiff's deposition shall be rescheduled for a date after June 10, 2008.

- In the event that the Court does not recommend dismissal of two or more of these actions, then the requirement for Defendant to respond to Plaintiff's application to consolidate these matters will be scheduled for a date after June 10, 2008.

Plaintiff's opportunity to attempt to obtain counsel is not limited to the dates herein, but the stay granted in this Order will not be extended absent a showing of extraordinary good cause. Plaintiff will be required to go forward on the dates set forth, either through counsel or *pro se*.

This constitutes the Decision and Order of this Court.

Dated: March 20, 2008
White Plains, New York

SO ORDERED

*[signature]*
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York