UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CURTIS,                                   :

        Plaintiff,                  :        ORDER TO SHOW CAUSE

        -against-                    :        06 Civ. 12903 (CLB)(LMS)

STATE FARM,                               :

        Defendant.                  :
------------------------------------------------------------x
CURTIS,                                   :

        Plaintiff,                  :        ORDER TO SHOW CAUSE

        -against-                    :        07 Civ. 3232 (CLB)(LMS)

STATE FARM,                               :

        Defendant.                  :
------------------------------------------------------------x
CURTIS,                                   :

        Plaintiff,                  :        ORDER TO SHOW CAUSE

        -against-                    :        07 Civ. 8675 (CLB)(LMS)

STATE FARM,                               :

        Defendant.                  :
------------------------------------------------------------x
CURTIS,                                   :

        Plaintiff,                  :        ORDER TO SHOW CAUSE

        -against-                    :        07 Civ. 8588 (CLB)(LMS)

ALLSTATE INSURANCE CO.,                   :

        Defendant.                  :
------------------------------------------------------------x

This Order is intended to be filed separately as to each of the four cases identified above, and the Clerk is directed to file a copy of this Order in each case file.

Plaintiff has sought to have his disability accommodated by the Court for purposes of his pursuing these four cases, based on his "documented disability as relayed recently to the court." Letter dated March 18, 2008 at p. 1. At a conference on March 11, 2008, it was revealed by counsel for Defendant State Farm that in the course of discovery counsel had obtained records regarding Plaintiff's efforts to discharge his student loans.[1] Those records revealed, according to counsel, that Plaintiff had filed for Social Security disability benefits and had been granted full disability benefits in 2006, based on his mental and psychological impairment. Plaintiff conceded that he had been receiving Social Security disability benefits at the time he filed his *in forma pauperis* application in Curtis II and Curtis III. It is apparently the mental and psychological impairment discussed by Defendant's counsel to which Plaintiff now refers as his "documented disability."

This Court has previously addressed Plaintiff's request for an accommodation. See Order dated March 20, 2008. Plaintiff has appealed the Court's denial of his request for referral to the *Pro Bono* panel to the assigned District Judge.[2] That appeal remains pending.

---

[1] Plaintiff claims, in general terms, that he was denied employment by Defendant for improper and unlawful reasons. Defendant asserts that a reason for their decision not to hire Plaintiff was that Plaintiff had undischarged student loans, therefore he did not qualify for a position with financial responsibility. Plaintiff asserted that his student loans had been discharged in bankruptcy. On this basis Defendant sought information about the student loans during discovery, and have informed the Court that Plaintiff is currently taking steps to discharge those undischarged student loans, in part based on his claim of a disability.

[2] The Honorable Charles L. Brieant, to whom these cases were assigned, passed away on July 20, 2008. It is anticipated that all of these cases will be reassigned to a new District Judge within 45 days, and the pending appeal will be handled by the District Judge.

As a result of the discovery efforts of counsel, and in light of the information revealed by counsel with regard to Plaintiff's claimed disability, the undersigned issued a subpoena for certain records from the Social Security Administration. Those records have been provided to the Court for *in camera* review. I have reviewed those records. The records are directly related to whether Plaintiff is qualified for the jobs which he sought, which are the subject of each of these four cases. Plaintiff claims with regard to each of his cases that he sought employment with the Defendant and that he was impermissibly denied employment on the following unlawful grounds:

| | |
|---|---|
| 06 Civ. 12903 | discrimination based on his race |
| 07 Civ. 3232 | discrimination based on his status as having previously filed for bankruptcy |
| 07 Civ. 8675 | retaliation for having filed the above cases |
| 07 Civ. 8588 | retaliation for having filed the above cases |

In order to prevail on any of these claims, Plaintiff must establish, as part of his *prima facie* case, that he is qualified for the positions that he sought. Because his claims are not brought on the basis of any alleged disability discrimination, there is no issue regarding any reasonable accommodation which those employers might have been able to provide to assist him in dealing with his disability. By bringing these four cases Plaintiff has put his own qualifications for employment by these Defendants at issue. The Social Security records which I now hold are directly relevant to the question of Plaintiff's qualification for each of the positions to which he claims he should have been appointed. As it is Plaintiff who has raised the issue of his qualification for employment, it would appear that Plaintiff may have waived any privacy protection that otherwise would protect his Social Security records.

IT IS THEREFORE ORDERED that Plaintiff shall, no later than August 21, 2008,

SHOW CAUSE why the Social Security records now held by the Court should not be made available for review by counsel for each Defendant. The Defendants may, if they choose, respond to such submission no later than August 29, 2008. All of these cases will be conferenced on September 4, 2008, starting at 10:00 am.

    This Order to Show Cause is being personally served on Plaintiff on July 31, 2008. A copy shall be sent to Plaintiff's Social Security Counsel and to the Assistant United States Attorney representing the Social Security Administration, as they also have an interest in the potential use of these records in this litigation. Copies of any submissions on this issue should be sent to them (addresses noted below), as well as to counsel of record.

Dated: July 31, 2008
White Plains, New York

SO ORDERED

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy has been hand delivered to:
Anthony Curtis, Plaintiff *Pro Se*
202 Main Street
Poughkeepsie, NY 12601

Rina Grassotti, Esq., counsel for Allstate
Saiber LLC
One Gateway Center
Newark, NJ 07102-5311

Copies have been sent to:
Michael Delikat, Esq., counsel for State Farm
Orrick, Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103

Carol S. Goldstein, Esq., counsel for Plaintiff before Social Security Administration
424 North Main Street
P.O. Box 525
Monroe, NY 10949

Susan C. Branagan, counsel for Social Security Administration
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, NY 10007