UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            06 Civ. 12903 (SCR)(LMS)

STATE FARM,                                          :

        Defendant.                              :
------------------------------------------------------------x
CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            07 Civ. 3232 (SCR)(LMS)

STATE FARM,                                          :

        Defendant.                              :
------------------------------------------------------------x
CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            07 Civ. 8675 (CS)(LMS)

STATE FARM,                                          :

        Defendant.                              :
------------------------------------------------------------x
CURTIS,                                              :

        Plaintiff,                              :            ORDER

        -against-                              :            07 Civ. 8588 (CS)(LMS)

ALLSTATE INSURANCE CO.,                              :

        Defendant.                              :
------------------------------------------------------------x

This Order is intended to be filed separately as to each of the four cases identified above, and the Clerk is directed to file a copy of this Order in each case file.

This Order resolves the issue raised in the Order to Show Cause dated July 31, 2008, which was issued in each of these four cases. After considering argument of all interested parties, I conclude that for purposes of discovery the information in the Social Security records pertaining to Plaintiff is relevant and discoverable and should be produced. See FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]") Social Security records are not protected by any privilege, and may be produced pursuant to the order of a court of competent jurisdiction. See 5 U.S.C. §552a(b)(11). This Order is intended to comply with the provisions of Title 5.

The background of this issue is set forth in the July 31 Order to Show Cause and will not be repeated here. The records in question are relevant to the Defendants' abilities to defend against his claim that he was, in fact, qualified for the positions of employment which he sought. Of course, the information in those records was not known to Defendants at the time of making their employment decision with regard to Plaintiff, and that information cannot now be used to justify a Defendant's decision not to hire him, but the records do raise the possibility that Defendants may be able to use information in those records to rebut Plaintiff's claim that he was qualified for employment. Additionally, such after-acquired evidence may be offered as a defense to a claim of backpay damages after the date upon which the after-acquired evidence was learned by the employer. See McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362-63 (1995).

Under these circumstances, where Plaintiff has affirmatively placed his qualifications for

employment at issue by bringing each of these four lawsuits, I conclude that the Social Security Administration records should be produced to the parties in discovery. The records produced to the Court by the Social Security Administration in response to subpoena are certified; the Court will therefore remove the certifying ribbon and seal for purposes of making copies for the parties. The certified copy will be maintained by the Court for use at hearing or trial and a copy will be sent to plaintiff and to each defense counsel. Plaintiff is hereby granted six business days from today's date to file an application for a stay of this decision; absent grant of a stay by the presiding District Judge in each case, the records will be produced on September 15, 2008.

Accompanying this Order is a Confidentiality Stipulation and Order signed by Defendants' counsel, which shall apply to the Social Security records produced in accordance with this Order.

Dated: September 5, 2008
White Plains, New York

**SO ORDERED**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of this Order have been mailed to:
Anthony Curtis, Plaintiff *Pro Se*
202 Main Street
Poughkeepsie, NY 12601

Rina Grassotti, Esq., counsel for Allstate
Saiber LLC
One Gateway Center
Newark, NJ 07102-5311

Michael Delikat, Esq., counsel for State Farm
Orrick, Herrington & Sutcliffe, LLP
666 Fifth Avenue
New York, NY 10103

Carol S. Goldstein, Esq., counsel for Plaintiff before Social Security Administration
424 North Main Street
P.O. Box 525
Monroe, NY 10949

Susan C. Branagan, counsel for Social Security Administration
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, NY 10007