UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CURTIS,

                                        Plaintiff,

            - against -

STATE FARM,

                                        Defendant.
-----------------------------------------------------------------x
CURTIS,

                                        Plaintiff,

            - against -

STATE FARM,

                                        Defendant.
-----------------------------------------------------------------x
CURTIS,

                                        Plaintiff,

            - against -

STATE FARM,

                                        Defendant.
-----------------------------------------------------------------x

06 Civ. 12903 (CS)(LMS)

**ORDER**

07 Civ. 3232 (CS)(LMS)

**ORDER**

07 Civ. 8675 (CS)(LMS)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____



Seibel, J.

The above-captioned actions are closely related civil rights lawsuits. Plaintiff *pro se*

Anthony Curtis commenced his first action against State Farm on November 3, 2006 (06 Civ.

12903, "Curtis I"), alleging that State Farm's failure to hire him upon discovery of his poor credit

history was race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 on

the grounds that State Farm's consideration of the credit histories of job applicants has a

disparate impact on African Americans. (Curtis I, Doc. 2). Plaintiff filed additional separate

actions against State Farm on April 23, 2007 (07 Civ. 3232, "Curtis II"), and October 9, 2007 (07

Civ. 8675, "Curtis III"), alleging race-based employment discrimination in violation of § 525 of

the U.S. Bankruptcy Code, (Curtis II, Doc. 2), and retaliation in violation of Title VII of the Civil

Rights Act for failing to consider Plaintiff's application for another position at State Farm.

(Curtis III, Doc. 2).

"A district court can consolidate related cases under Federal Rule of Civil Procedure

42(a) *sua sponte*." *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir.

1999) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)). Rule 42(a) provides

that a court may order actions consolidated if they involve "common issues of law or fact." Fed.

R. Civ. P. 42(a). In determining the propriety of consolidation, district courts have "broad

discretion," *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997), and

consolidation is favored where supported by "considerations of judicial economy." *Johnson v.

Celotex Corp.*, 899 F.2d. 1281, 1285 (2d Cir. 1990).

These three actions are based on overlapping factual allegations and involve the same

parties. Consolidation of these actions will avoid unnecessary cost or delay, will not prejudice

Plaintiff, and will otherwise promote judicial economy. Accordingly, these cases are *sua sponte* consolidated for pretrial purposes. The caption of these consolidated actions shall hereinafter be referred to as "Curtis v. State Farm". All relevant documents and submissions shall be maintained as one file under Master File No. 06 Civ. 12903 (CS)(LMS).

**SO ORDERED.**

Dated:    September 16, 2008
            White Plains, New York


_____
CATHY SEIBEL, U.S.D.J.